IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| **KENNETH HOLLIS**<br><br>*Plaintiff*<br><br>vs.<br><br>**MACON COUNTY, TENNESSEE; SCOTT CARVER, Individually, and in his official capacity; RICHARD MILLER, Individually, and in his official capacity**<br><br>*Defendants* | Case No.<br><br><br><br>**JURY DEMAND** |

# COMPLAINT

Comes now the Plaintiff, KENNETH HOLLIS, as a class of one, and for his Complaint would show as follows:

## INTRODUCTION

1. This is a Civil action seeking a declaratory judgment, injunctive relief and equitable relief against, and compensatory, general, and punitive damages, costs, disbursements, and attorneys' fees from, the Defendants for violating Plaintiff's civil and constitutional rights under the Fourteenth Amendment to the United States Constitution.

2. Plaintiff, Kenneth Hollis, alleges that Defendants, jointly and severally, individually and collectively, intentionally, knowingly, wantonly, negatively, and/or recklessly, sought to and did

wrongfully deprive him of his civil and constitutional rights by committing acts under color of law to deprive him of his civil and constitutional rights.

3. Plaintiff, Kenneth Hollis, as a class of one, alleges that Defendant, Macon County, Tennessee was negligent in training, hiring and supervising its Building Inspectors, Defendants Scott Carver and Richard Miller. They are deliberately indifferent to the actions of Scott Carver and Richard Miller.

4. Accordingly, Defendant, Macon County, Tennessee is liable to the Plaintiff for conspiring to condone and encourage such civil rights violations and for conspiring to violate Plaintiff's Civil Rights.

5. As a result of the Defendants' actions (or lack thereof), Plaintiff, Kenneth Hollis, incurred significant cost and expenses due to the Defendants 'action, including but not limited to: substantial legal fees and other cost/expenses.

## JURISDICTION AND VENUE

6. Act, under 28 U.S.C §§2201-2202, to address the specific and anticipated harm Plaintiffs and all other similarity situated residents within This Court has jurisdiction over this matter with this Complaint, arising under a violation conferred by The Constitution of the United States. Jurisdiction of this Court in invoked because this action seeks redress for a deprivation under color of state law of rights secured to the Plaintiff Kenneth Hollis by the Fourteenth Amendment to the Constitution of the United States. Plaintiff Kenneth Hollis asserts his claim for relief authorizes action to redress the deprivation, under color of state law, of rights, privileges, or immunities, secured to the Plaintiff by the Constitution or laws of the United States of America.

7. The Court is a *proper* venue for this action because the Defendants reside in this judicial district and all Defendants are residents of the State of Tennessee. Additionally, a substantial part of the

2

Case 2:23-cv-00053    Document 1    Filed 08/30/23    Page 2 of 14 PageID #: 2

events or omissions giving rise to this claim, occurred within this judicial district and within one year of the alleged events.

8. The jurisdiction of the Court is invoked under 28 U.S.C §§ 1331 and 1343.

9. This action is brought pursuant to 42 U.S.C. § 1983.(42 U.S.C. §1985, and 42 U.S.C. § 1986.)

10. Venue in the Court is proper under 28 U.S.C. § 1391, based on the fact that the place where the events and violations herein alleged occurred was in Macon County, Tennessee.

## PARTIES

11. Plaintiff, Kenneth Hollis, is a citizen of the United States and is the lawful owner of his construction company Kenneth Hollis Construction since 1991 as well as a building supply store, Hollis Hardware. Plaintiff, Kenneth Hollis has successfully completed houses, apartments and commercial properties in Macon County as well as the surrounding areas. Plaintiff, Kenneth Hollis may be contacted through undersigned counsel to this Complaint.

12. At all times relevant in the Complaint, and upon information and belief, Defendant Macon County, is a recipient of federal funding and was a recipient of federal funding at the time of events complained.

13. Defendant Macon County, Tennessee is a governmental entity that is organized under the law of the State of Tennessee.

14. Defendant, Macon County, is governed by the elected county commissioners. The elected mayor is Steve Jones.

15. Defendant Scott Carver is an adult resident of Tennessee. He is and has been the building inspector for Macon County and it is his duty to enforce building codes and licenses in Macon County.

16. Defendant Richard Miller is an adult resident of Tennessee. He was hired two years ago as assistant building inspector for Macon County and it is his duty to enforce building codes and licenses in Macon County.

17. All of the individuals named as Defendants are being sued in both their individual and official capacities.

**THE FOLLOWING FACTUAL ALLEGATIONS ARE BASED ON PLAINTIFF'S KNOWLEDGE, INFORMATION AND BELIEF**

18. Plaintiff Kenneth Hollis has been a building contractor working in Trousdale, Smith, Jackson and Macon Counties for over 30 years. He has built single family homes, apartments and commercial properties. His biggest project was a 20,000 square foot apartment complex with approximately 90 units.

19. Since working as a building contractor for over 30 years, Plaintiff Kenneth Hollis has maintained a license with no issues with inspectors or passing building inspections.

20. In 2022 an issue occurred at a property in Red Boiling Springs where the Defendant, assistant inspector Richard Miller, and Bruce Bartley had a disagreement. Plaintiff Kenneth Hollis agreed with the plumber regarding the situation and this seemed to cause a rift in the relationship between the Plaintiff Kenneth Hollis and Defendant Richard Miller.

21. Prior to this incident, the Plaintiff Kenneth Hollis worked with the Defendant, inspector Scott Carver, for 5-6 years without an issue.

22. In May 2022 Plaintiff Kenneth Hollis went to the Macon County Codes Office to speak with Defendants Scott Carver and Richard Miller regarding building apartments on Nicole Drive, Lafayette, TN. Plaintiff Kenneth Hollis purchased building permits at that time. Plaintiff Kenneth Hollis was advised by Defendants Richard Miller and Scott Carver that they were unsure of exactly what to do regarding the firewalls. The Plaintiff Kenneth Hollis stated that he had plans

4

from Bob Vick Engineering in Cookeville, TN from previous apartments that had been built and these plans would be used as a guide.

23. Following this conversation, Plaintiff Kenneth Hollis then spoke to the Mayor of Lafayette, Jerry Wilmore and Fire Chief Troy Brawner. Fire Chief Troy Brawner stated that if single story town houses were to be built, they were required to have only a 2 hour firewall.

24. May of 2022 the Plaintiff Kenneth Hollis employed the services of John Wallace Crow, PE who is a Civil Engineer based out of Clarksville, Tennessee to make a structural condition assessment of the fire separation for apartments located on Akersville Road in Lafayette. According to the report, the fire separation in the walls and roof met the building codes. (EXHIBIT A)

25. At that time, the building codes for Lafayette required full brick on all new construction. Plaintiff Kenneth Hollis had two existing buildings at the same location that were not bricked. When asked if Mayor of Lafayette Jerry Wilmore and Fire Chief Troy Brawner would allow brick fronts and skirts they agreed, but were adamant about the two hour firewalls being installed.

26. The requirements of adding two hour firewalls are 5/8 sheetrock on both walls facing in with a ½ inch air gap in between them with mud and tape. The outside of each firewall must be constructed with 5/8 drywall from the foundation to the roof decking, and requires being mudded and taped.

27. Plaintiff Kenneth Hollis spoke with Evan White with Mid-Tenn Engineering and he was advised by Mr. White that this way of doing things was correct.

28. Plaintiff Kenneth Hollis advised Defendants Scott Carver and Richard Miller of his conversation with Evan White at Mid-Tenn Engineering and that he felt confident all codes were met.

29. Plaintiff Hollis further explained that Chris Tuck was building apartments similar to the ones in question and that they had passed the codes inspection without firewalls. The Plaintiff

advised Defendants Carver and Miller to call the Fire Marshall Office in Nashville to gain further clarification on the codes. Plaintiff Kenneth Hollis then started building and putting in foundations on Nicole Drive

30. Defendants Scott Carver and Richard Miller inspected Dale Hix's apartment buildings and stated that the firewalls were correct. Chris Tuck began building apartment buildings without firewalls on 913 Freeman Street.

31. In July of 2022 Bruce Bartley came to Kenneth Hollis about a house he had wired and plumbed in Red Boiling Springs, TN. The home owner stated to Mr. Bartley that the building inspectors, Defendants Miller and Carver were being unprofessional. Defendant Scott Carver told Bruce Bartley that the S traps on the kitchen and vanities and a pan on CHA were not done properly. The inspectors approved the rough in but turned down and forced changes from the S-Traps to P-Traps before approving. Bruce Bartley changed them that day. As shown in EXHIBIT B.

32. During that time frame, Defendants Scott Carver and Richard Miller approved several S-Traps on other homes being built by Chris Tuck but made Bruce Bartley change his. Bruce Bartley advised Plaintiff Kenneth Hollis that he felt singled out by the Defendants Scott Carver and Richard Miller.

33. The Plaintiff Kenneth Hollis reached out to Defendant Scott Carver to try and help resolve the situation but was told that Mr. Bartley was required to make the changes requested or the inspections would not be approved. Defendant Scott Carver advised Plaintiff Kenneth Hollis that Mr. Hollis did not have a say in the situation and that it was his (Defendant Carter's) call to make.

34. A week later, while applying for a permit, Defendants Richard Miller and Scott Carver were acting oddly towards the Plaintiff Kenneth Hollis. Defendant Richard Miller asked why it was

the Plaintiff's place to ask about the Bruce Bartley inspections. Plaintiff Kenneth Hollis stated that he just trying to help Bruce Bartley get the situation resolved.

35. The Plaintiff Kenneth Hollis expressed his professional opinion as a building contractor to the State of Tennessee Fire Marshalls Office and to the County Mayor regarding the inconsistencies of builders being required to add firewalls. There seemed no rational reason that some builders were having to follow different firewall codes for the exact same type of building.

36. On July 7, 2022 Plaintiff Kenneth Hollis went to get permits and mentioned to Defendant Scott Carver about Adrian Powell selling and setting up double wide homes in Red Boiling Springs. The Plaintiff Kenneth Hollis advised Defendant Scott Carver that a Retailer Licenses was required to do that. When the status site was checked, Adrian Powell did not have Retailer or Contractors license. The Plaintiff Kenneth Hollis advised Defendant Scott Carver that the State Fire Marshall had been at the location of the house in Red Boiling Springs on Birdwell Drive already and would probably come to see him as well. Defendant Scott Carver told Defendant Kenneth Hollis that it was none of his business.

37. Plaintiff Kenneth Hollis then called County Mayor Steve Jones and advised him of the discrepancies in building code approvals. County Mayor Steve Jones spoke with Defendants Richard Miller and Scott Carver about the inconsistencies on building code approvals, but no changes were made to how they approved codes.

38. While going through the extra time and expense to add firewalls to his own building projects, the Plaintiff Kenneth Hollis was made aware of similar duplexes being built by Chris Tuck at 913 A-B-C-D Freeman Street and 601 A and 601 B Haley Street in Lafayette, Tennessee that were being built without the firewalls. (EXHIBIT C)

39. On September 15, 2022 Chris Tuck called Plaintiff Kenneth Hollis asking about firewalls and stated that he felt the Codes inspectors, Defendants Miller and Carver were picking on him. Plaintiff Kenneth Hollis told Chris Tuck how he was doing the firewalls in his own buildings, but it seemed odd as Plaintiff Kenneth Hollis knew Chris Tuck had buildings that passed code inspections without having firewalls.

40. Plaintiff Kenneth Hollis contacted Jim Hightower at the Fire Marshall Office and sent him the pictures of the firewalls. Nothing was heard back from Mr. Hightower regarding this issue.

41. In September 2022 Plaintiff Kenneth Hollis spoke with County Mayor Steve Jones about the inconsistencies with regards to the firewall inspections. After a call from Mayor Jones, the State Office came with Defendants Scott Carver and Richard Miller to inspect the Plaintiff's buildings. The State Office refused to provide an opinion about the firewall codes, stating that it was a local problem and not within their purview.

42. Plaintiff Kenneth Hollis contacted George Smith, Fire and Buildings Code Manager, and Mr. Smith did not seem concerned about the absent firewalls. The Fire and Building Codes manager was sent addresses and pictures of buildings without firewalls. County Mayor Steve Jones advised Plaintiff Kenneth Hollis that George Smith had followed up by sending a letter stating the buildings looked good and that there were no problems with the lack of firewalls. This indicates that the firewalls were not required.

43. On September 26, 2022 Defendant Scott Carver inspected the first six firewalls at 300-305 Nicole Drive, but they were rejected. Plaintiff Kenneth Hollis spent six weeks adding sheetrock, mud, and tape to meet the conditions that Defendants Scott Carver and Richard Miller required. This meant unreasonable and unnecessary time and expense added to the Plaintiff's project.

44. On November 10, 2022 Plaintiff Kenneth Hollis asked Defendant Scott Carver to inspect the 300, 400 and 500 Nicole Drive buildings, which consists of 15 units. Again, the buildings

were rejected saying more sheetrock needed to be added to the ceilings at the roof. In a few places it was less than 4 inches and a couple were about 10 inches off. The complaints seemed frivolous in nature as these types of issues were never citied as problems in previous buildings.

45. At a Park opening November 21, 2022 in Red Boiling Springs, Plaintiff Kenneth Hollis spoke with Macon County Mayor Steve Jones about Defendants Scott Carver and Richard Miller regarding the inconsistent firewall requirement. That evening they were inspecting, but not invited.

## GENERAL COMPLAINTS BY THE PLAINTIFF

46. Defendants, jointly and severally, individually and collectively through Defendants Building Inspectors, Scott Carver and Richard Miller, did require Plaintiff Kenneth Hollis to add considerable time and expense to his own builds while not enforcing the same of Chris Tuck.

47. Defendant Macon County, elected officials, jointly and severally, individually and collectively, knew, or should have known, that there was no system or procedure in place for reporting, investigating, or remediating incidents involving constitutional violations and harassment of Macon County residents by means of Macon County Tennessee Code other than this litigation.

48. Defendant, Macon County, elected officials, jointly and severally, individually and collectively, maintained a deliberate indifference to the Constitutional rights of Plaintiff Kenneth Hollis.

49. Chris Tuck is a builder in Macon County that has been treated differently than Plaintiff Kenneth Hollis in regards to building codes.

50. Chris Tuck has built and sold townhomes with no firewalls during the same time frame as Plaintiff Kenneth Hollis was required to add them by the Defendants Steve Carver and Richard Miller.

51. Bruce Bartley and Larry Hutchinson have witnessed the same issues with the building codes inspectors' (Defendants Richard Miller and Scott Carver) rules not being the same for all builders. (EXHIBITS D & E)

52. The elected officials, particularly Macon County Mayor, and all the employees, agents of, and consultants to the County of Macon have a clear and unequivocal duty to all the resident property owners of Macon County to assure them peaceful and quiet enjoyment of their homes and property according to the ancient and long standing maxim of at the heart of common-law equity jurisprudence, sic utere tuo ut alienum non laedas, allowing everyone to use their own property in such a way not to injure that of another.

53. Defendant, Macon County, seeks to limit the use of the Plaintiff Kenneth Hollis' real property while imposing no restriction on other's property within Macon County.

### *Actions by Building Inspector Scott Carver*

54. Defendant Scott Carver has approved inspections on Chris Tuck's comparable buildings with no firewalls during the same time frame as he required Plaintiff Kenneth Hollis to add firewall to his buildings.

55. Leveraging his role as Building Inspector for Macon County, Defendant Scott Carver has imposed unnecessary firewall requirements on Plaintiff Kenneth Hollis that has knowingly caused lost time and monetary expense.

56. Defendant Scott Carver persisted in enforcing these additional firewalls even after Mayor Steve Jones and the State Office discussed it with him and Defendant Richard Miller.

57. Due to Defendant Scott Carver's inconsistent enforcement of the firewall installation, the discrimination appears to be personal in nature as opposed to professional.

### *Actions by assistant Building Inspector Richard Miller*

58. Defendant Richard Miller has approved inspections on Chris Tuck's comparable buildings with no firewalls during the same time frame as he required Plaintiff Kenneth Hollis to add firewall to his buildings.

59. Leveraging his role as assistant building inspector for Macon County, Defendant Richard Miller has imposed unnecessary firewall requirements on Plaintiff Kenneth Hollis that has knowingly caused lost time and monetary expense.

60. Defendant Richard Miller persisted in enforcing these additional firewalls even after Mayor Steve Jones and the State Office discussed it with him and Defendant Scott Carver.

61. Due to Defendant Richard Miller's inconsistent enforcement of the firewall installation, the discrimination appears to be personal in nature as opposed to professional.

### *Lack of Accountability by Macon County, Tennessee*

62. Defendant Macon County, elected officials, jointly and severally, individually and collectively, knew, or should have known, that there was no system or procedure in place for reporting, investigating, or remediating incidents involving constitutional violations and harassment of Macon County residents by means of Macon County Tennessee Code other than this litigation.

63. After the Plaintiff brought multiple concerns to Macon county officials, the approval of codes remained inconsistent and personal as opposed to professional.

64. This lack of accountability from Macon County to ensure their building inspectors (Defendants Carver and Scott) maintain professional standards allowed their inspectors to continue to pick and choose which builders were required to add firewalls at the builder's own time and expense.

**CAUSES OF ACTION FOR VIOLATIONS OF PLAINTIFF KENNETH HOLLIS 'PROTECTED RIGHTS**

# COUNT 1
## VIOLATION OF CONSTITUTIONAL RIGHT TO SUBSTANTIVE DUE PROCESS - 42 U.S.C. 1983, FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION

65. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

66. By taking the actions alleged above, the individual Defendants, under color of state law, deprived Plaintiff of his property and/or liberty interest, without providing Plaintiff with Constitutionally sufficient due process, in violation of the Fourteenth Amendment to the U.S. Constitution.

67. The deprivation of Plaintiff's constitutionally-protected property and/or liberty interest without due process was caused by the conduct of the individual Defendants, final policy-makers for Defendant Macon County.

68. The County ratified the conduct of the individual Defendants Richard Miller and Scott Carver alleged herein.

69. Because of Defendants' conduct, Plaintiff Kenneth Hollis incurred economic damages in the form of attorney fees and other expenses, in an amount to be proven at trial.

70. The actions of the individual Defendants were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon Plaintiff; and as a result of said intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish the individual Defendants and to deter others from like conduct.

71. Plaintiff was required to hire an attorney to represent him in this matter and is entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

72. Plaintiff is entitled to a jury trial.

## COUNT 2

**(Equal Protection -- "Class of One" 42 U.S.C. 1983, Fourteenth Amendment)**

73. Plaintiff Kenneth Hollis re-alleges the foregoing allegations as if fully set forth herein.

74. By their actions and omissions as described herein, each of the Defendants, under color of statute, ordinance, regulation, custom, or usage, and acting in both their individual and official capacities, subjected Plaintiff Kenneth Hollis to the deprivation of rights, privileges, or immunities secured by the Constitution and laws.

75. In particular, Defendants intentionally treated Plaintiff Kenneth Hollis differently from others similarly situated and there was no rational basis for the difference in treatment, violating the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

76. Because of Defendants' conduct, Plaintiff Kenneth Hollis incurred economic damages in the form of attorney fees and other expenses, in an amount to be proven at trial.

77. The actions of the individual Defendants were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon Plaintiff Kenneth Hollis; and as a result of said intentional conduct, Plaintiff Kenneth Hollis is entitled to punitive damages in an amount sufficient to punish the individual Defendants and to deter others from like conduct.

78. Plaintiff Kenneth Hollis was required to hire an attorney to represent him in this matter and is entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

79. Plaintiff Kenneth Hollis is entitled to jury trial.

**DAMAGES**

80. As a direct and proximate result of the Defendants' violations of his Federally protected rights, Defendant Kenneth Hollis has suffered:

   a) Economic damages for unnecessary additional building time and materials expenses, in the amount of $301,608.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kenneth Hollis requests a jury trial and demands judgment in his favor and against Defendants for the relief sought herein; for his reasonable costs and attorney fees; and for any other relief deemed appropriate by the court.

Constitutionally submitted this the thirtieth (30) day of August, 2023

_____
KENNETH HOLLIS

*/s/ RICHARD M. BROOKS, #4308*
**RICHARD M. BROOKS**
Brooks Law Group
130 Third Ave West
Carthage, Tennessee 37030
Office: (615) 735-0807
Fax: (615) 735-1921
Email: utkrmb@comcast.net

*/s/ BRANDEN BELLAR, #17250*
**BRANDEN BELLAR**
Bellar & Bellar
216 Main Street
P.O. Box 192
Carthage, Tennessee 37030
Office: (615) 588-1605
Fax: (615) 588-1604
Email: branden@brandenbellar.com